Jason Anderson, NR-0189
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866

IN THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA
MIDDLE DISTRICT

Jason Anderson,

    Plaintiff

vs.

ENGLISH, CORRECTIONAL OFFICER I,

    Defendant

No. 1:22-CV-0311

CIVIL RIGHTS ACTION

COMPLAINT
Jury Trial Demanded

## INTRODUCTION

1. This is a civil rights action filed by Jason Anderson ("Named Plaintiff"), a state prisoner, for damages pursuant to 42 U.S.C. § 1983, alleging due process violations where Plaintiff filed a grievance seeking administrative redress against prison officials for cell search, confiscating and destroying Plaintiff's personal property and legal materials, and ultimately interfering with Plaintiff's active criminal case. Plaintiff avers that such actions amounted to a direct violation of his right to be free and protected from retaliation for exercising the right to freedom of expression, which fundamentally guaranteed by the First Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

FILED
SCRANTON

MAR 02 2022

PER _____
    DEPUTY CLERK

## JURISDICTION

2. This Court has jurisdiction to hear Plaintiff's claim of violations of his federal constitutionlly protected rights pursuant to 42 U.S.C. §§ 1331 (1) (federal question jurisdiction) and 1343 (civil rights jurisdiction).

3. This Court has supplemental jurisdiction over Plaintiffs State Tort Claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff's claims for declaratory and injunctive relief against the Defendants are authorized by 28 U.S.C §§ 2201,2202 (declaratory relief); and 28 28 U.S.C. §§ 2283,2284.

## VENUE

5. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 (b)(2). A substantial part of the event or omissions giving rise to Plaintiff's claim occurred in Coal Township, which is located in the Middle District of Pennsylvania.

6. Venue is also proper pursuant to 28 U.S.C. § 1391 (b)(1), because all Defendants are domicile in the Commonwealth of Pennsylvania, and Defendant is domicile in Coal Township.

## PARTIES

I. The Plaintiff

7. Plaintiff Jason Anderson was made to eater the State Corrections Institute at Coal Township (hereinafter as SCI Coal Township) in _April, 2019_.

8. To date of filing this complaint, Plaintiff remains at SCI Coal Township.

II. Defendant

9. Defendant English is a corrections officer I employed at SCI Coal Township. He is being sued in his individual capacity.

## FACTS

10. On or about February 26, 2020, the Pennsylvania Department of Correction declared a statewide emergency lock-down, where CERT officers from various correctional institution came to SCI Coal to conduct cell searches.

11. Before the searches begin, groups of CERT officers from SCI Coal and SCI Huntingdon congregated outside of Plaintiff's cell engaged in conversation.

12. Thereafter, Defendant English, Wisenburge and several other CERT officers entered Plaintiff's cell.

13. Plaintiff was stripped searched, handcuffed and escorted to be seated at a table directly in front of Plaintiff's assigned cell.

14. While seated at the table Plaintiff and his seven cellmates witnessed their property being ransacked and tossed around.

15. Plaintiff noticed Defendant English with his legal folder containing his criminal case documents as he rummaged through his storage box.

16. Plaintiff stood up from his seat and asked CERT officer John Doe what Defendant English was doing with his legal documents.

17. Officer John Doe ordered Plaintiff to sit down and keep quiet. No answer was ever provided.

18. Plaintiff followed the order of officer John Doe to be seated.

19. While saeted, Plaintiff continued to watch Defendant English as he emptied Plaintiff's legal documents into a large clear plastic trash bag.

20. Plaintiff requested to be given back his legal documents as Defendant English exited the cell, but Plaintiff's request was denied.

21. When Plaintiff's cuffs were being removed he again plead with the CERT officers for his legal documents and was once again denied.

22. Plaintiff entered his assigned cell and their was a foul odor from all of the foods that were removed from the sealed packaging and left on the floor with clothing and other personal belongings.

23. Plaintiff immediately checked his legal storage box and learned that his entire box had been emptied and all his criminal case documents were taken.

24. Plaintiff rushed to the cell gate and shouted to Defendant English "Please give me my legal documents, I need them".

25. CERT officer John Doe stated "I'm not the one who took them" and no confiscation (CIR) receipt was issued.

26. On or about February 26, 2020, Plaintiff sought relief by taking the matter to Unit Officer Reed, Sgt. Rudisill and Unit Manager Cory.

27. Plaintiff was told by Unit Officer Reed and Sgt. Rudisill that everyone who had items taken would receive confiscation receipts later.

28. On or about February 27, 2020, Unit Manager Cory told Plaintiff that without a confiscation receipt he could not help him and the only thing he could replace was Plaintiff's prison identification card.

29. On or about February 28, 2020, Plaintiff wrote a Request To Staff Member to Captain Burns about the confiscation and/or discarding of his legal documents.

30. Thereafter, Plaintiff also brought the matter to the attention of LT. Hamilton, LT. W.A. Rich and Superintendent McGinley.

31. On or about March 2, 2020, Plaintiff received Captains Burns response to Plaintiff's Request To Staff Member, which stated "If you did not receive a CIR than your items were discarded".

32. On March 5, 2020, Plaintiff filed grievance #855841 about the discarding of his vital legal documents.

## CONSTITUTIONAL VIOLATIONS
## AND CLAIMS FOR RELIEF

### Denying Plaintiff The Right To Freedom Of Expression And Due Process Where Prison Officials Prevented Plaintiff Litigating His Criminal Case

33. The actions and/or inactions of Defendant English ignored and failed to correct an obvious constitutional violation. Defendant English's actions and/or inactions amounted to denying Plaintiff the right to freedom of expression and due process, which is guaranteed by the First Amendment to the United States Constitution. See ¶¶ 15-31, and the Fourteenth Amendment to the United States Constitution. See ¶¶ 15-31.

## EXHAUSTING ADMINISTRATIVE REMEDIES

### Plaintiff Exhausted Administrative Remedies With Respect To Defendant And All Claims.

34. Plaintiff used the Inmate Grievance System Procedures Manual in efforts to bring about a meaningful resolution.

35. In that, Plaintiff did exhaust all available administrative remedies by filing official inmate grievance No. 855841.

36. Plaintiff appealed the initial grievance denial response to Facility Manager and appealed the Facility Manager's denial to Chief Grievance Officer of Inmate Grievance and Appeals, where he ultimately denied relief.

37. Throughout the grievance process, Plaintiff requested that all documents and video footage materials to Plaintiff claims of constitutional violations be preserved for civil court litigation.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff request from this Court the Following:

a. For an entry in judgment declaring Defendant's policies, practices, and customs as unconstitutional under the Freedom of Expression and Due Process Clause of the First Amendment to the United States Constitution.

b. For an entry of judgment declaring the Department of Corrections and all parties liable for the above-described unconstitutional policies, practices, and customs.

c. For an award of $110,000.00 in compensatory damages severally against Defendant.

d. For an award of $200.000.00 in punitive damages severally against Defendant.

e. For an award of Attorney's fees, cost, and expenses in action pursuant to 42 U.S.C. § 1988 (b).

f. For a jury trial on all issues triable by jury.

g. For an immediate transfer to SCI Phoenix.

h. For further legal and equitable relief as this Court may deem just and proper.

Respectfully Submitted,

Jason Anderson
NR-0189
SCI Coal Twp.
1 Kelley Drive
Coal Township, PA 17866

Jason Anderson, NR0189
SCI Coal Township
1 Kelley Drive
Coal Township, PA, 17866

RECEIVED
SCRANTON
MAR 02 2022
PER _____
DEPUTY CLERK

U.S. District Court
Middle District of Pennsylvania
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA, 18501

INMATE MAIL
PA DEPT OF
CORRECTIONS



US POSTAGE $001.56
ZIP 17866
0000365961 FEB 28 2022