IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON ANDERSON,** | : | CIVIL ACTION NO. 1:22-CV-311 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **C.O. ENGLISH,** *et al.*, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Jason Anderson, claims that defendants violated his rights under the First and Fourteenth Amendments during a search of his cell. Defendants have moved for judgment on the pleadings and for summary judgment. The motion for summary judgment will be granted and the motion for judgment on the pleadings will be denied as moot.

**I.  Factual Background & Procedural History**[1]

Anderson was incarcerated in Coal Township State Correctional Institution ("SCI-Coal Township") at all relevant times. (Doc. 25 ¶ 1). On February 26, 2020, a

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. In this case, Anderson has failed to respond to defendants' statement of material facts and the statement is therefore deemed admitted. Id. The court cites directly to the statement of material facts when applicable.

team of correctional officers searched Anderson's cell pursuant to a direction to search all cells in two cell blocks in the prison. (Id. ¶¶ 2-3). Anderson was removed from the cell during the search and seated in the day room. (Id. ¶ 4). Anderson had a box under his bed that contained several items of personal property, including family photos and legal documents. (Id. ¶ 5). He could see the bed from where he was seated in the day room. (Id. ¶ 6).

Anderson observed defendant English search the box under his bed and throw several items from the box into a trash bag. (Id. ¶¶ 7-8). The only thing that Anderson observed defendant Weisenberger holding during the search was a "cracker box." (Id. ¶ 9). After the search, the box under Anderson's bed was completely empty. (Id. ¶ 10).

Among the items removed from the box during the search were several affidavits that Anderson planned to file in a subsequent collateral challenge to his criminal conviction pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"). (Id. ¶ 11). Anderson's conviction was pending on direct appeal at the time of the search. (Id. ¶ 13). He filed a PCRA petition challenging the conviction on February 22, 2022, approximately two years after the search. (Id. ¶ 15). Anderson has not specified how the destruction of affidavits during the search harmed his access to courts during the PCRA proceedings. (See Doc. 26-2 at 39 (stating that he does not "plan on going into [his] criminal case" when asked how the affidavits would have helped his PCRA petition)).

Anderson filed this case on March 2, 2022. (Doc. 1). He asserts claims for violation of his right of access to the courts under the First Amendment, retaliation

in violation of the First Amendment, and violation of his right to due process under the Fourteenth Amendment.[2]  (Id.)  The complaint names English and Weisenberger as defendants.  (Id.)

Defendants answered the complaint on July 24, 2022 and moved for judgment on the pleadings on October 26, 2022.  (Docs. 11, 16).  They then moved for summary judgment on March 31, 2023.  (Doc. 24).  Anderson has opposed the motion for judgment on the pleadings, but he has not opposed the motion for summary judgment.  (See Doc. 23).  The deadline for opposing the motion for summary judgment has expired under the Local Rules.  Accordingly, both motions are ripe for review.

## II.  Legal Standard

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  FED. R. CIV. P. 56(a).  The burden of proof tasks the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The court is to view the evidence "in the light most

---

[2] Defendants construe the complaint as also attempting to raise a freestanding claim for violation of Anderson's right to be free from the destruction of personal property.  (Doc. 17 at 9).  The court views this claim as coextensive with the due process claim and subject to the same legal analysis as the due process claim.  The court will accordingly analyze the claims as a singular due process claim.

3

favorable to the non-moving party and draw all reasonable inferences in that party's favor." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986).  Only if this threshold is met may the cause of action proceed.  See Pappas, 331 F. Supp. 2d at 315.

### III. Discussion

Anderson brings his federal constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the

actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence.  Id.

Defendant Weisenberger argues he is entitled to summary judgment because he was not personally involved in the alleged civil rights violations.  (Doc. 26 at 10-12).  We agree.  Uncontroverted evidence shows that Weisenberger did not touch or search Anderson's belongings and that English was the only officer who did so.  (Doc. 25 ¶¶ 7-9).

We will also grant summary judgment to defendant English as to all claims.  First, Anderson's access to courts claim requires proof that (1) prison officials impeded his access to courts and (2) he suffered actual injury in his ability to access the courts.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Rivera v. Monko, 37 F.4th 909, 915 (2022).  Anderson alleges that English destroyed several affidavits that he planned to file in a forthcoming challenge to his conviction under the PCRA, but he has not adduced any evidence as to how the absence of these affidavits prejudiced his ability to litigate his PCRA petition.  When defendants' counsel asked him how the affidavits would have helped his PCRA petition, Anderson responded, "I don't plan on going into my criminal case."  (Doc. 26-2 at 39).

Second, Anderson's retaliation claim requires proof that (1) he engaged in constitutionally protected conduct; (2) defendants took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action.  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).

5

Anderson has not presented any evidence to establish a causal connection between his protected activity and defendant English's allegedly retaliatory actions of searching his cell and destroying his property. Causation may be established by showing either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. Dondero v. Lower Milford Twp., 5 F.4th 355, 361-62 (3d Cir. 2021) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)). Causation may also be implied by "the record as a whole." Id. (citing DeFlaminis, 480 F.3d at 267).

The record shows that defendant English searched Anderson's cell pursuant to an order to search all cells in two housing blocks of the prison. (Doc. 25 ¶¶ 2-3). There is no evidence that English's actions were targeted at Anderson specifically, much less that such targeting was done in retaliation for Anderson's protected conduct. Anderson testified in his deposition that he knew English's face from around the prison prior to the search but that he did not know his name and did not personally know English or any of the other officers on the search team because he was "not like a troublemaker or anything like that." (Doc. 26-2 at 29). Nothing in Anderson's testimony or any portion of the record shows that English was aware of Anderson engaging in any protected conduct or that his actions in searching and destroying Anderson's property were done in retaliation for the protected conduct. Hence, given the absence of any evidence of causation, English is entitled to judgment as a matter of law as to Anderson's retaliation claim.

Finally, due process claims based on destruction or deprivation of a prisoner's personal property fail as a matter of law if the government provides adequate post-deprivation procedures to remedy the loss of the property. Hudson v. Palmer, 468 U.S. 517, 533-34 (1984). Our court of appeals has held that the Pennsylvania Department of Corrections' grievance process generally provides an adequate post-deprivation remedy for the destruction of property, see Pressley v. Johnson, 268 F. App'x 181, 183 (3d Cir. 2008) (nonprecedential); Jordan v. Horn, 165 F. App'x 979, 981 (3d Cir. 2006) (nonprecedential),[3] and Anderson has not produced any evidence to support a contrary conclusion in this case. His due process claim accordingly fails as a matter of law. See Jordan, 979 F. App'x at 981 (holding that defendants were entitled to summary judgment on plaintiff's due process claim where plaintiff failed to submit evidence to show that post-deprivation remedy was inadequate).

### IV.   Conclusion

We will grant defendants' motion for summary judgment, deny their motion for judgment on the pleadings as moot, and close this case. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   July 26, 2023

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.